D. JEFFREY CRAVEN, 020799
SMITH & CRAVEN, P.L.L.C.
4045 E. UNION HILLS DR., STE. B-112
PHOENIX, ARIZONA 85050
VOICE: 480-222-2225
FAX: 480-222-3197
ATTORNEY FOR
CHEVY CHASE BANK NA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In Re

Katherine Christensen,

Debtor.

Chapter 7

No. 2:09-bk-21818-RTB

**CREDITOR CHEVY CHASE BANK'S OPPOSITION TO EMERGENCY MOTION TO CONVERT CASE FROM CH. 7 TO CH. 13**

Assigned to Hon. Redfield T. Baum

Creditor Chevy Chase Bank, NA here submits this opposition to the Debtor's Emergency Motion to Convert Case From Ch. 7 to Ch. 13. Debtor's motion to convert should be denied for the simple reason that she is a serial filer and is abusing the bankruptcy process solely to stall the secured creditors from recovering their security. To this end, Chevy Chas advises the Court that while her various bankruptcies have been pending, she has continued to send out discovery requests and to make demands upon her creditors in and through her various state court litigation.

Chevy Chase is the assignee on a note made by debtor that is secured by a deed of trust on real property located in Gila County, Arizona. Debtor is and has been in default on said note since approximately December 2008. Chevy Chase, throught it's agents, noticed a trustee's sale to foreclose on the property.

The notice was issued on 02 April 2009, with a scheduled sale date of 02 July 2009.

On 01 July 2009, Debtor filed a lawsuit in Gila County Superior Court, Case No. 2009-0204. On 24 July 2009 Debtor filed a voluntary petition for Ch. 13 bankruptcy, case no. 2:09-bk-17322-EWH. On 29 July 2009 Chevy Chase filed a Motion to Lift Stay. On 03 August 2009, Debtor filed a motion entitled "Request for Extension of Time to Produce Remaining Required Documents to Cure Deficiency Filing." On 06 August 2009 the Court granted Debtor's request for time and expressly provided that by 24 August 2009 Debtor had to file her Schedules of Assets and Liabilities and Statement of Financial Affairs, her Chapter 13 plan, Payment advices, and her Statement of Current Monthly Income and Disposable Income. Debtor failed to comply with this order and her Ch. 13 bankruptcy was dismissed on 26 August 2009.

On 04 September 2009, Debtor filed her voluntary petition under Ch. 7. On or about 19 September 2009 Debtor filed her various schedules for the Ch. 7. However, **even to this day her schedules are not properly submitted**, in that she has failed to submit them with an unqualified oath as to their accuracy. Instead, next to her signature on her Declaration Concerning Debtor's Schedules she states "All rights invoked and reserved without prejudice." Which calls into question whether or not she has truthfully and accurately disclosed her assets and liabilities.

Debtor's 341 hearing was set for 07 October 2009. On 06 October 2009, Debtor filed the instant motion seeking to convert from a Ch. 7 to a Ch. 13.

Again, Debtor continues to stall in providing the required information for disposition of her case. Though she sought time to provide her schedules in Ch. 13, she failed to comply with the Court order to provide the schedules or a plan. She has not indicated whether she now can comply with the provision of

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

the required schedules nor has she demonstrated that she can now provide the plan she failed to provide in her prior Ch. 13 case. In fact, her Schedule J to her Ch. 7 indicates that she has no income, while her Schedule I indicates that "I am hoping to find regular income." Meanwhile, if her Schedule F is to be believed, her total unsecured debt is $7,660,090. Though she lists her two parcels of real property as *unencumbered* by debt, each property is in fact encumbered by notes and deeds of trust. For all intents and purposes she has no other assets. In other words, conversion to a Ch. 13 would be a monumental waste of the Court's time and would serve no purpose.

11 U.S.C. §706(d) provides:

> Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. §109(e) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000…may be a debtor under chapter 13 of this title.

Here, according to the Debtor's schedules, her total unsecured debt exceeds $250,000. Thus, by her own admission she does not qualify under Ch. 13. Further, though her Schedule D List of Secured Creditors appears to have been improperly prepared (like her other schedules), based upon Chevy Chase' present understanding the secured debt owed to each the primary lien holders for each parcel of real estate she owns in aggregate exceed $750,000. Thus, she does not qualify as a debtor under chapter 13.

Smith & Craven, PLLC
4045 E. Union Hills Dr.
Building B, Suite 112
Phoenix, Arizona 85050
480-222-2225 VOICE
480-222-3197 Fax

In Re Christensen 3 Opp to Motion to Convert to Ch 13

Case 2:09-bk-21818-RTB   Doc 23   Filed 10/13/09   Entered 10/13/09 10:02:56   Desc
Main Document    Page 3 of 5

Smith & Craven, PLLC
4045 E. Union Hills Dr.
Building B, Suite 112
Phoenix, Arizona 85050
480-222-2225 voice
480-222-3197 fax

1  For the foregoing reasons, Chevy Chase requests that the Debtor's motion
2  be denied.

3  Respectfully submitted this ____ day of October 2009.

                                SMITH & CRAVEN, P.L.L.C.

                                By: _____
                                D. Jeffrey Craven, Esq.
                                4045 E. Union Hills Dr., Ste. B-112
                                Phoenix, Arizona 85050
                                Attorney for Chevy Chase Bank

| | | |
|---|---|---|
| 1 | Original of the foregoing transmitted this 13th day of October 2009 to: | |
| 2 | US Bankruptcy Court<br>230 N. First Ave. Ste. 101<br>Phoenix, AZ 85003 | Delivered ☐<br>Faxed ☐<br>E-Filed ☒<br>Mailed ☐ |
| 4 | Copy of the foregoing transmitted this 13th day of October 2009 to: | |
| 5-6 | Hon. Redfield T. Baum<br>US Bankruptcy Court<br>230 N. First Ave. Ste. 101<br>Phoenix, AZ 85003 | Delivered ☒<br>Faxed ☐<br>E-Mailed ☐<br>Mailed ☐ |
| 7-8 | Katherine Christensen<br>1134 W. Grand Cayman Dr.<br>Gilbert, AZ 85233 | Delivered ☐<br>Faxed ☐<br>E-Mailed ☐<br>Mailed ☒ |

By: [signature]

P:\DOCUMENTS\206 CHEVY CHASE BANK\506 CHRISTENSEN CH 7\PLEADINGS\506 OPP.CONVERT 01.PLD.DOC

Smith & Craven, PLLC
4045 E. Union Hills Dr.
Building B, Suite 112
Phoenix, Arizona 85050
480-222-2225 VOICE
480-222-3197 FAX

In Re Christensen — 5 — Opp to Motion to Convert to Ch 13
206.506

Case 2:09-bk-21818-RTB  Doc 23  Filed 10/13/09  Entered 10/13/09 10:02:56  Desc
Main Document   Page 5 of 5