Frederick C. Thomas, 023844
Smith & Craven, P.L.L.C.
4045 E. Union Hills Dr., Ste. B-112
Phoenix, Arizona 85050
Voice: 480-222-2225
Fax: 480-222-3197
Attorney for
Chevy Chase Bank NA

# In the United States Bankruptcy Court
## For the District of Arizona

| | |
|---|---|
| In Re<br><br>Katherine Christensen,<br><br>Debtor. | Chapter 7<br>No. 2:09-bk-21818-RTB<br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Assigned to Hon. Redfield T. Baum |

Creditor Chevy Chase Bank, N.K.A Capital One NA, ("Chevy Chase Bank") through counsel, pursuant to 11 USC 362(d)(1), requests this Court enter an order granting Chevy Chase Bank relief from the automatic stay and allowing it to pursue its foreclosure against the debtor. Good cause exists to grant this motion as the debtor is in default on a lien secured by real property described as follows: 2074 Munsee Drive Payson Arizona 85547. Moreover, Chevy Chase Bank is not adequately protected as it is not receiving monthly payments from debtor and is unfairly delayed from proceeding with its foreclosure of the subject property. Therefore, Chevy Chase Bank is entitled to relief from the automatic stay so it can move forward with its foreclosure of the real property.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On 01 July 2009, Debtor filed a lawsuit in Gila County Superior Court, Case No. 2009-0204.

2. On 24 July 2009 Debtor filed a voluntary petition for Ch. 13 bankruptcy, case no. 2:09-bk-17322-EWH.

In Re Christensen     1     Motion for Relief
Case 2:09-bk-21818-RTB    Doc 30    Filed 11/16/09    Entered 11/16/09 15:13:30    Desc
Main Document     Page 1 of 7

3. On 26 August 2009, the Court dismissed Debtor's Ch. 13 for her failure to comply with certain Court orders.

4. On 04 September 2009, Debtor filed her current voluntary petition under Ch. 7.

5. This Court has jurisdiction pursuant to 28 USC § 1334. The filing of this motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

6. On or about 16 August 2006, the Debtor entered into a contract with First Magnus Financial Corporation. Pursuant to the terms, First Magnus loaned Debtor $235,500.00 for the purchase of the real property described above. Debtor agreed to make monthly payments commencing on 1 October 2006. The obligation is evidenced by a Note and Secured Deed of Trust.[1]

7. The deed of trust was timely and duly recorded and perfected in accordance with Arizona law as instrument document number 2006-014490 in the office of Gila County Recorder.

8. On 29 August 2006, First Magnus transferred, sold and assigned its rights under the note and deed of trust to Chevy Chase Bank. As such Chevy Chase Bank is the real party in interest.[2]

9. Currently, but for the defaults in acceleration, the monthly payment pursuant to the note would be $ 1,217.58.

10. The Debtor has failed to make monthly payments beginning with the month of 1 September 2008. Debtor has been in default for fourteen months.

---

[1] See Exhibit 1 a true and correct copy of the promissory note and Deed of Trust. [20090410246] & [chevychase-027]

[2] See Exhibit 2 Notice of Assignment, Sale or Transfer dated 29 Aug 2006. [200904E013]

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

In Re Christensen     2     Motion for Relief
Case 2:09-bk-21818-RTB   Doc 30   Filed 11/16/09   Entered 11/16/09 15:13:30   Desc
Main Document     Page 2 of 7

11. As of November 6, 2009, the amount required to fully reinstate the Debtor's loan is approximately $307,830.32, itemized as follows:

| | |
|---|---|
| Unpaid Principal | $ 307,830.32 |
| *DELINQUENCIES:* | |
| Monthly Payments | $ 17,046.22 |
| Late Charges | $ 597.87 |
| Corporate Advance | $ 3,119.91 |
| Bankruptcy Attorney Fee: | $ 2,515.78 |
| Bankruptcy Filing Fee: | $ 125.00 |
| *Total Delinquencies:* | *$ 23,404.78* |

**Total Amount Due to Secured Creditor    $ 331,235.10**

12. Pursuant to the note Chevy Chase Bank has declared the entire unpaid balance of principal and accrued interest, plus all other amounts owed, to be immediately due and payable. As of 06 November 2009 the principal amount owing on the Note secured by the Deed of Trust is $307,830.32.

13. Chevy Chase Bank has performed all of its obligations required under the Note and Deed of Trust, all conditions precedent to the Debtor's performance has occurred.

## **CHEVY CHASE BANK IS NOT ADEQUATELY PROTECTED**

14. Chevy Chase Bank is not adequately protected as it is not receiving monthly payments from debtor and is unfairly delayed from proceeding with its foreclosure of the subject property.

## **DEBTOR HAS NO EQUITY IN THE PROPERTY**

15. The court may grant relief from the automatic stay with respect to an act against property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). Moreover, when the Debtor's case is a liquidation case under

Smith & Craven, PLLC
4045 E. Union Hills Dr.
Building B, Suite 112
Phoenix, Arizona 85050
480-222-2225 voice
480-222-3197 fax

In Re Christensen    3    Motion for Relief
Case 2:09-bk-21818-RTB    Doc 30    Filed 11/16/09    Entered 11/16/09 15:13:30    Desc
Main Document    Page 3 of 7

Chapter 7 of the Bankruptcy Code; therefore, no reorganization is in process for which the secured property could be necessary.[3]

16. In requesting relief from the automatic stay, Chevy Chase Bank has the burden on only one issue, the debtor's equity in the property. On all other issues, any party opposing the relief has the burden of proof.[4] If a party refusing alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proving the equity.[5]

17. Based on Debtor's schedule A the real property is estimated at a value of $175,000.00.

18. The principal owed is more than the total value of the real property; therefore, there is no equity in the real property.

| | |
|---|---|
| Value | $ 175,000.00 |
| Total lien to Chevy Chase | $ 331,235.10 |
| Less 8% Cost of Sale | $ 26,498.81 |
| Equity | $ (129,736.29) |

19. Based on the foregoing Chevy Chase Bank alleges that there is no equity in the subject property, and since the Debtor has filed a Chap. 7 the question of reorganization is not relevant. Therefore, Chevy Chase Bank is entitled to relief from the automatic stay.

---

[3] *In re Sanabria* 317 B.R. 59, 61-62 (8th Cir.BAP (Neb.),2004); *In re Willis* 411 B.R. 455, 458 (Bkrtcy.S.D.Ga.,2007).

[4] 11 U.S.C. § 362(g).

[5] *In re Gauvin* 24 B.R. 578, 580 (9th Cir.BAP (Cal.), 1982).

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

20. On 2 April 2009, Chevy Chase Bank noticed a trustee sale for 2 July 2009. The sale has since been continued because of the Debtor's bankruptcies.

## CONCLUSION

1. Chevy Chase Bank's claim is in default and unpaid by the Debtor.

2. Chevy Chase Bank's only redress is to look to the secured property.

3. Costs, attorney's fees and interest continue to mount on Chevy Chase Bank's claim, thus eroding any equity that Debtor may claim.

4. As Debtor has filed a chapter 7, the viability of the property for reorganization is not relevant.

5. Chevy Chase Bank is not adequately protected.

6. Chevy Chase Bank is a secured creditor who is at dangerous peril of becoming unsecured as a result of the stays which enjoin Chevy Chase Bank from foreclosing its lien.

7. The automatic stay has expired as a matter of law pursuant to 11 USC §362(c)(3)(a).

## REQUEST FOR RELIEF

WHEREFORE, Chevy Chase Bank requests that the Court enter an order granting the following relief:

A. Terminating all stays and injunctions, including but not limited to, the automatic stay pursuant to 362(a)(2) and 105 with respect to the property as to Chevy Chase Bank only;

B. For Chevy Chase Bank's reasonable attorney's fees, costs and interest herein incurred; and

C. For such other relief as the Court deems just and equitable.

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

Smith & Craven, PLLC
4045 E. Union Hills Dr.
Building B, Suite 112
Phoenix, Arizona 85050
480-222-2225 VOICE
480-222-3197 Fax

1     Respectfully submitted this 16th day of November 2009.

2

3                          SMITH & CRAVEN, P.L.L.C.

4                          By: \s\ Frederick C Thomas 023844
Frederick C. Thomas, Esq.
4045 E. Union Hills Drive
Building B, Suite 112
Phoenix, Arizona 85050
Attorney for Chevy Chase Bank

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

In Re Christensen            6           Motion for Relief
Case 2:09-bk-21818-RTB   Doc 30   Filed 11/16/09   Entered 11/16/09 15:13:30   Desc
Main Document     Page 6 of 7

Original of the foregoing transmitted this 16th day of November 2009 to:

| | | |
|---|---|---|
| US Bankruptcy Court<br>230 N. First Ave. Ste. 101<br>Phoenix, AZ 85003 | Delivered<br>Faxed<br>E-Filed<br>Mailed | ☐<br>☐<br>☒<br>☐ |

Copy of the foregoing transmitted this 16th day of November 2009 to:

| | | |
|---|---|---|
| Hon. Redfield T. Baum<br>US Bankruptcy Court<br>230 N. First Ave. Ste. 101<br>Phoenix, AZ 85003 | Delivered<br>Faxed<br>E-Mailed<br>Mailed | ☒<br>☐<br>☐<br>☐ |
| Katherine Christensen<br>1134 W. Grand Cayman Dr.<br>Gilbert, AZ 85233 | Delivered<br>Faxed<br>E-Mailed<br>Mailed | ☐<br>☐<br>☐<br>☒ |
| Mr. David A. Birdsell<br>United States Trustee<br>216 N. Center<br>Mesa, AZ 85201  Email: dabtrustee@hotmail.com | Delivered<br>Faxed<br>E-Mailed<br>Mailed | ☐<br>☐<br>☒<br>☐ |

By: /s/ Frederick C. Thomas

P:\DOCUMENTS\206 CHEVY CHASE BANK\506 CHRISTENSEN CH 7\PLEADINGS\506 OPP.CONVERT 01.PLD.DOC

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX
206.506

In Re Christensen — 7 — Motion for Relief

Case 2:09-bk-21818-RTB    Doc 30    Filed 11/16/09    Entered 11/16/09 15:13:30    Desc
Main Document    Page 7 of 7