Katherine Christensen
Real Party in Interest Under Injury
c/o 1134 West Grand Caymen Drive
Gilbert, Arizona 85233
(480) 813-3885
Without Representation

FILED

2009 NOV 20 PM 12:30

CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

## PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>   Katherine Christensen<br>      Debtor, Real Party in Interest<br><br>V.<br><br>CHEVY CHASE BANK NA, its<br>    assignees and/or successors | CASE NO. 09-21818-RTB<br><br>CHAPTER 7<br><br>OBJECTION TO MOTION FOR LIFT OF STAY IN FORM OF QUO WARRANTO<br><br>MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION<br><br>Assigned to Hon. Redfield T. Baum |

Katherine Christensen ("Real Party in Interest" herein), respectfully submits this **OBJECTION** FOR A LIFT OF STAY IN THE FORM OF A QUO WARRANTO and this MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION. Real Party in Interest requests that CHEVY CHASE BANK FSB ("CCB" herein) provide proof of its authority to have initiated foreclosure proceedings on her property 2074 Munsee Drive, Payson Arizona 85547 ("Property" herein). Pursuant to Arizona Revised Statutes, 33-401, 33-404, 33-411, 47-9502 and others, any claim of interest

OBJECTION TO LIFT OF STAY-S&C                                                                                            PAGE 1 of 8
Case 2:09-bk-21818-RTB    Doc 33    Filed 11/20/09    Entered 11/20/09 12:40:12    Desc
Main Document     Page 1 of 8

in any real property, must be in writing and such claims must be filed into the public record.

Real Party in Interest has searched the public record. There is no evidence that Charter Funding conveyed interest to any of the following entities; First Magnus Financial Corporation; or Chevy Chase Bank FSB; or Capital One NA; or Cal-Western Reconveyance. Without a recorded conveyance no interest in real property can be conveyed.

Commencing 28 January 2009 the Real Party in Interest sent several Qualified Written Requests under Notary Presentment to CCB, their lawyers, representatives and/or assignees to determine who had any lawful interest in the Property. No response has ever been received from CCB. Rather, CCB wrongfully, improperly and without legal authorization began foreclosure proceedings.

Therefore, Real Party in Interest has now initiated a Forensic Audit and Currency Trace which will be completed in approximately twenty (20) days. Preliminary findings of the Forensic Audit and Currency Trace clearly show a plethora of discrepancies, and errors, along with possible fraudulent misrepresentation, conspiracy, concealment, negligence, conversion, civil theft, consumer fraud, as well as other possible violations of numerous federal and state laws in the mortgage documents. Specifics of each of the above will be clear upon completion of the Forensic Audit and Currency Trace; these details will be filed at that time.

# OBJECTION TO MISTATEMENT OF FACTS

CCB through counsel has deliberately and improperly misstated and misapplied the United States Codes and the facts of this case. These actions could be construed as fraud upon this court.

1. CCB through counsel quotes 11 USC 362(d)(1). This code is applicable only for the "party in interest". CCB is a servicer. According to Federal Rules of Civil Procedure 17(a), "An action must be prosecuted in the name of the real party in interest.". There is no evidence that CCB is the "real party in interest". Therefore it has no standing to bring forth this action.

2. CCB states through counsel that "CCB is not adequately protected as it is not receiving monthly payments". As a recipient of TARP funds, CCB's claim is unfounded and untrue. It is the Real Party in Interest who requires and needs the protection of this Court against the wrongful actions of CCB.

3. CCB states through counsel that the Court dismissed Real Party in Interest's Chapter 13, "for her failure to comply with certain Court orders". There were no court orders. Rather, it was the desire of Real Party in Interest to comply with the rules of bankruptcy that she had to let the Chapter 13 be dismissed because a job she had been hoping for, did not come through. Without a verifiable regular income, one cannot have a Chapter 13 bankruptcy.

4. CCB states through counsel that this is a contested matter. The Real Party in Interest has sent several Qualified Written Requests under Notary Presentment to CCB the alleged servicer. No response has ever been received from CCB. Rather, CCB wrongfully, improperly and without legal authorization began the foreclosure

action. CCB and Counsel have forced the Real Party in Interest into the Federal Bankruptcy Court. Real Party in Interest now properly and rightfully seeks the protection of the Bankruptcy Court until CCB can either submit a written Proof of Claim pursuant to Rule 3001 to prove its standing, or withdraw all claims and reconvey the property free and clear of all encumbrances to Real Party in Interest. It is improper that CCB continues in their attempts to confuse, distract and manipulate the Court in an effort to once again avoid having to bring forth proof of its standing.

As of this writing, Real Party in Interest is retaining an Expert Witness to evaluate and testify to the findings of the Forensic Audit and Currency Trace. The results of the Forensic Audit and Currency Trace will become part of the Discovery Process to commence in the near future. To deny the Real Party in Interest an opportunity to present this critical information and the results of Discovery to the Court would be a violation of due process.

5. CCB through Counsel speaks of the "obligation" "evidenced by a Note and Secured Deed of Trust". The Forensic Audit will clearly show if the "obligation" has been paid. To deny Real Party in Interest the opportunity to present this evidence to the Court is a denial of due process.

6. CCB through Counsel states that "First Magnus transferred, sold or assigned its rights under the note and deed of trust to Chevy Chase Bank." As stated in their own paperwork, First Magnus Financial Corporation is a servicing agent, just like CCB. The Forensic Audit will clearly show the identity of the original lender. First Magnus Financial Corporation will have the opportunity to

provide evidence they had the lawful authority to transfer, sell or assign the note and deed of trust to CCB.

7. CCB through Counsel states that no monthly payments were received after September 2008. When all Qualified Written Requests were ignored, it became evident that CCB may not be entitled to receive payments. The forensic audit and currency trace will clearly show if CCB put forth any consideration for the property or if CCB has only slandered the title of the homeowner, the Real Party in Interest.

8. CCB through Counsel references the note. Real Party in Interest respectfully requests the Court to compel CCB to produce the genuine and original promissory note. Possession of the genuine and original promissory note would prove its standing. For the sake of clarity, U.C.C. 1-201 (19) "Genuine" means free of forgery or counterfeiting.

9. CCB through Counsel states they are not adequately protected. There is no evidence that CCB ever held or has in its possession the genuine and original promissory note which would be the proper basis for the protection it seeks.

10. CCB through Counsel states that there is an 8% cost of sale for the property. The going commission rate for Realtors is 6%. It appears Counsel is attempting to inflate the true costs.

11. Based on the judicial decisions in other Federal Bankruptcy and State jurisdictions, it appears that the courts are now ruling on the preponderance of verified evidence being presented by homeowners, rather than the unsupported and many times, fabricated and untrue, assertions of the banks, mortgage companies and entities such as Mortgage Electronic Registration Systems Inc.. Real Party in

Interest is exercising her rights as an injured party to determine the real parties who have a legitimate claim and whether or not they have been compensated from the creation of the alleged debt through credit defaults, or insurance or other securitization schemes that have come to light due to the outbreak of foreclosures nationwide.

## CONCLUSION

1. CCB has never responded to any Qualified Written Request for proof of its standing to bring forth any claim.

2. CCB has never submitted a Proof of Claim to the Court.

3. There is no evidence that CCB which is a servicing company holds the genuine and original note.

4. There is no evidence that CCB put forth any consideration for the property.

5. There is no evidence that CCB has any lawful legal conveyance from the lender to serve as the servicing agent.

6. CCB had no standing to foreclose.

7. CCB wrongfully initiated foreclosure proceedings.

8. CCB has slandered the title.

9. Real Party in Interest can and will produce proof of her claims through the Forensic Audit and Currency Trace and the testimony of an expert witness.

10. In Arizona, this action appears to be a case of first impression. If the Court has no existing case law to rely upon in making its determination, the Real Party in Interest requests the Court look to the rulings in other jurisdictions to assist it in making its determination.

**WHEREFORE Real Party in Interest prays for judgment as follows:**

1. That CCB's motion for lift of stay be denied.

2. That Katherine Christensen, the Real Party in Interest remain sheltered under the full protection of the bankruptcy court until such time as CCB submits to the Court the requested properly recorded conveyance, and the genuine and original promissory note and until Discovery and Evidentiary Hearing are completed.

3. That a preliminary and permanent injunction against CCB, its successors, assignees, officers, agents, employees, attorneys and any person in actual concert with it or who are under their direction, to be immediately and temporarily enjoined for the time period allowed under Rule 65, Ariz. R. Civ. P., from:

   a) Initiating eviction of Real Party in Interest from her Property

   b) Transferring or otherwise disposing of the Property

4. That the Court order CCB to show within thirty (30) days proof of standing to have initiated foreclosure proceedings on subject property. This proof must be in the form of two (2) written documents; a conveyance properly recorded in the Gila County Recorder's Office and the original and genuine promissory note.

5. That if CCB is unable to furnish the requested properly recorded conveyance and the original and genuine promissory note within the requested thirty (30) days, then CCB be instructed to restore ownership, cure its slander on the title, and return clear title of subject Property back to Real Party in Interest free and clear.

6. That the Court grant relief to the Real Party in Interest for all

| | |
|---|---|
| 1 | violations by CCB its successors and assignees as provided by law; all costs, |
| 2 | |
| 3 | applicable interest, and other relief as this court deems just and necessary |
| 4 | |
| 5 | DATED: November 20, 2009 |
| 6 | |
| 7 | |

DATED: November 20, 2009

*Katherine Christensen* (signature)
Katherine Christensen