Katherine Christensen
Real Party in Interest Under Injury
c/o 1134 West Grand Caymen Drive
Gilbert, Arizona 85233
(480) 813-3885
Without Representation

FILED
2009 NOV 20 PM 12: 30
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

# PHOENIX DIVISION

| | |
|---|---|
| In re: | CASE NO. 09-21818-RTB |
| Katherine Christensen<br>Debtor, Real Party in Interest | CHAPTER 7 |
| V. | OBJECTION TO INJECTION<br>OF UNRELATED PROCEDURES |
| AURORA LOAN SERVICES LLC, its<br>assignees and/or successors | FROM A DIFFERENT CASE |
| Movant | REAFFIRMATION OF OBJECTION<br>TO REQUEST FOR LIFT OF STAY<br>IN FORM OF QUO WARRANTO |
| | Assigned to Hon. Redfield T. Baum |

Katherine Christensen ("Real Party in Interest" herein), respectfully submits this **OBJECTION** TO INJECTION OF UNRELATED PROCEDURES FROM A DIFFERENT CASE by Counsel for AURORA LOAN SERVICES LLC ("ALS" herein) and REAFFIRMS HER OBJECTION TO ALS's REQUEST FOR LIFT OF STAY. Real Party in Interest objects to the shameful tricks of Counsel on behalf of ALS to inject into this case, a list of procedures from an unrelated case which took place in July of 2003, over six (6) years ago. The circumstances and facts of this other older case are unknown as all references to that particular

court case number, the parties involved, the circumstances and facts surrounding the submission of this document into that case six (6) years ago, and even what that other case was concerning have all been deleted. These dilatory tactics by Counsel for ALS are an effort to distract the Court from seeing the inability of ALS to produce any proof of standing to bring forth this action. By filing these unrelated documents, Counsel for ALS is operating in bad faith. There are sanctions in Rule 11 for such acts.

This present case, case number 09-21818 is a case of first impression. It has never been ruled on by this or any other Arizona Court, federal or state. It merits the full attention of the Honorable Redfield T. Baum.

**REAFFIRMATION AND ADDITIONS TO THE OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY IN FORM OF QUO WARRANTO FILED 10-21-09**

Real Party in Interest reaffirms and incorporates herein her Objection to the Motion for Relief from Automatic Stay by ALS which was filed into Court 10-21-09 and adds the following points:

1. ALS through counsel quotes 11 USC 362(d)(1). This code is applicable only for the "party in interest". ALS is a servicer. According to Federal Rules of Civil Procedure 17(a), "An action must be prosecuted in the name of the real party in interest.". There is no evidence that ALS has ever been the "real party in interest". Therefore it has no standing to bring forth this action.

2. ALS through counsel states it wishes to "…commence and continue all acts necessary to obtain possession of the property…" because it claims it "acquired title to the premises by foreclosure…". Commencing 28 January 2009

the Real Party in Interest sent several Qualified Written Requests under Notary Presentment to ALS the alleged servicer, its agents and assigns. No response has ever been received from ALS. Rather, ALS wrongfully, improperly and without legal authorization began this foreclosure action. ALS and Counsel have improperly forced Real Party in Interest into the Federal Bankruptcy Court. Real Party in Interest now properly and rightfully seeks the protection of the Bankruptcy Court until ALS can either submit a written Proof of Claim pursuant to Rule 3001 to prove its standing, or withdraw all claims and reconvey the property free and clear of all encumbrances to Real Party in Interest. ALS is operating in bad faith with its attempts to confuse, distract and manipulate the Court in an effort to once again avoid having to admit it has no proof of standing.

3. ALS through counsel states that after purchasing the property it "recorded the deed within the period provided by state law for perfection". Without standing to have foreclosed, this alleged deed of trust recorded by ALS and submitted to the Court is clearly a fraudulent conveyance that is nothing more than slander on the title of the Real Party in Interest.

4. ALS through counsel states that there was a default in the payment of the Promissory Note. When all Qualified Written Requests were ignored, it became evident that ALS may not be entitled to receive payments. The Forensic Audit and Currency Trace will clearly show if ALS put forth any consideration for the property, the chain of ownership of the promissory note and whether the promissory note has been paid in full, or if ALS has slandered the title of the homeowner, the Real Party in Interest.

5. ALS through Counsel referencs the note. Real Party in Interest respectfully

OBJECTION TO INJECTION OF UNRELATED DOC-MHL     PAGE 3 of 6
Case 2:09-bk-21818-RTB    Doc 34    Filed 11/20/09    Entered 11/20/09 12:42:50    Desc
Main Document     Page 3 of 6

requests once again, that ALS produce the genuine and original promissory note from 2006. For the sake of clarity, U.C.C. 1-201 (19) "Genuine" means free of forgery or counterfeiting. At this time there is no evidence that ALS ever held, or has in its possession the genuine and original promissory note which would be the proof of its standing to have initiated foreclosure proceedings; and would be the proof to stand on for its motion for relief of automatic stay.

As of this writing, Real Party in Interest is retaining an Expert Witness to evaluate and testify to the findings of the Forensic Audit and Currency Trace. The results of the Forensic Audit and Currency Trace will become part of the Discovery Process to commence in the near future. To deny the Real Party in Interest an opportunity to present this critical information and the results of Discovery to the Court would be a violation of due process.

## CONCLUSION

1. ALS has never responded to any Qualified Written Request for proof of its standing to bring forth any claim.

2. ALS has never submitted a Proof of Claim to the Court.

3. There is no evidence that ALS which is a servicing company holds the genuine and original note from 2006.

4. There is no evidence that ALS put forth any consideration for the property.

5. There is no evidence that ALS has any lawful legal conveyance from the lender to serve as the servicing agent.

6. ALS had no standing to foreclose.

7. ALS wrongfully foreclosed.

8. ALS has slandered the title.

9. ALS is wasting the Court's time by injecting unrelated items into the case.

10. Real Party in Interest can and will produce proof of her claims through the Forensic Audit and Currency Trace and the testimony of an expert witness.

11. In Arizona, this action appears to be a case of first impression. If the court has no existing case law to rely upon in making its determination, the Real Party in Interest requests the court look to the rulings in other jurisdictions to assist it in making its determination.

**Wherefore Real Party in interest prays for judgment as follows:**

1. That the Court strikes the injection and all references to the injection into the case of the document listing procedures from an unrelated case in July 2003.

2. That the Court deny ALS's motion for relief of automatic stay.

3. That Katherine Christensen, the Real Party in Interest remain sheltered under the full protection of the bankruptcy court until such time as ALS submits to the Court the requested properly recorded conveyance, and the genuine and original promissory note from 2006, and until Discovery and Evidentiary Hearing are completed.

3. That a preliminary and permanent injunction against ALS, its successors, assignees, officers, agents, employees, attorneys and any person in actual concert with it or who are under its direction, to be immediately and temporarily enjoined for the time period allowed under Rule 65, Ariz. R. Civ. P., from

   a) Initiating eviction of Real Party in Interest from her Property

   b) Transferring or otherwise disposing of the Property

4. That the Court order ALS to show within thirty (30) days proof of standing to have initiated foreclosure proceedings on subject property. This proof must be in the form of two (2) written documents; a conveyance properly recorded in the Maricopa County Recorder's Office and the original and genuine promissory note from 2006.

5. That if ALS is unable to furnish the requested properly recorded conveyance and the original and genuine promissory note within the requested thirty (30) days, then ALS be instructed to restore ownership, cure its slander on the title, and return clear title of subject Property back to Real Party in Interest free and clear.

6. That the Court grant relief to the Real Party in Interest for all violations by ALS its successors and assignees as provided by law; all costs, applicable interest, and other relief as this court deems just and necessary.

DATED: November 20, 2009

*Katherine Christensen* (signature)
Katherine Christensen