Katherine Christensen
Real Party in Interest Under Injury
c/o 1134 West Grand Caymen Drive
Gilbert, Arizona 85233
(480) 813-3885
Without Representation

FILED
2009 DEC -7 AM 10: 58
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

In re: ) CASE NO. 09-21818-RTB
)
   Katherine Christensen ) CHAPTER 7
      Debtor, Real Party in Interest )
) MOTION FOR AURORA LOAN
V. ) SERVICES LLC TO SHOW CAUSE
) FOR STANDING PURSUANT TO
   AURORA LOAN SERVICES LLC ) FEDERAL RULES OF CIVIL
      its successors and/or assigns ) PROCEDURE 17(a)
)
_____ ) Assigned to Hon. Redfield T. Baum

Katherine Christensen ("Real Party in Interest" herein), respectfully submits this

MOTION FOR AURORA LOAN SERVICES LLC ("ALS" herein) TO SHOW

CAUSE FOR STANDING as per Federal Rules of Civil Procedure 17(a).

### RESTATEMENT OF FACTS

1. ALS is a servicer. According to Federal Rules of Civil Procedure 17(a),

"An action must be prosecuted in the name of the real party in interest.". There is

no evidence that ALS has ever been the "real party in interest". Therefore it has

no standing to bring forth this action.

2. Commencing 28 January 2009 the Real Party in Interest sent several

Qualified Written Requests under Notary Presentment to ALS the alleged servicer, its agents and assigns. No response has ever been received from ALS. Rather, ALS wrongfully, improperly and without legal authorization began this foreclosure action.

3. ALS has not submitted a written Proof of Claim pursuant to Rule 3001 to prove its standing, or withdrawn all claims and reconveyed the property free and clear of all encumbrances to Real Party in Interest. ALS is operating in bad faith with its attempts to confuse, distract and manipulate the Court in an effort to once again avoid having to admit it has no proof of standing.

4. ALS through counsel has stated that after purchasing the property it "recorded the deed within the period provided by state law for perfection". Without standing to have foreclosed, this alleged deed of trust recorded by ALS and submitted to the Court is clearly a fraudulent conveyance that is nothing more than slander on the title of the Real Party in Interest.

5. Real Party in Interest respectfully requests once again, that ALS produce the genuine and original promissory note from 2006. For the sake of clarity, U.C.C. 1-201 (19) "Genuine" means free of forgery or counterfeiting. At this time there is no evidence that ALS ever held, or has in its possession the genuine and original promissory note which would be the proof of its standing to have initiated foreclosure proceedings; and would be the proof to stand on for its motion for relief of automatic stay.

## CONCLUSION

1. ALS has never responded to any Qualified Written Request for proof of

Case 2:09-bk-21818-RTB    Doc 47    Filed 12/07/09    Entered 12/10/09 07:03:12    Desc
MOTION FOR ALS TO SHOW CAUSE-MHL    Main Document    Page 2 of 4    Page 2 of 4

12/08/2009

its standing to bring forth any claim.

2. ALS has never submitted a Proof of Claim to the Court.

3. There is no evidence that ALS which is a servicing company holds the genuine and original note from 2006.

4. There is no evidence that ALS put forth any consideration for the property.

5. There is no evidence that ALS has any lawful legal conveyance from the lender to serve as the servicing agent.

6. ALS had no standing to foreclose.

7. ALS wrongfully foreclosed.

8. ALS has slandered the title.

9. It would be a travesty of justice should ALS be allowed to continue this farce and continue to waste the court's time.

**Wherefore Real Party in interest prays for judgment as follows:**

1. That the Court order ALS to show within thirty (30) days proof of standing to have initiated foreclosure proceedings on subject property. This proof must be in the form of two (2) written documents; a conveyance properly recorded in the Maricopa County Recorder's Office and the original and genuine promissory note from 2006.

2. That if ALS is unable to furnish the requested properly recorded conveyance and the original and genuine promissory note within the requested thirty (30) days, then ALS be instructed to restore ownership, cure its slander on the title, and return clear title of subject Property back to Real Party in Interest free and clear.

Case 2:09-bk-21818-RTB  Doc 47  Filed 12/07/09  Entered 12/10/09 07:03:12  Desc
MOTION FOR ALS TO SHOW CAUSE-MHL    Main Document    Page 3 of 4    Page 3 of 4

12/08/2009

3. That the Court deny ALS's motion for relief of automatic stay.

4. That the court vacate the hearing for the motion for relief of automatic stay scheduled for December 16, 2009.

5. That Katherine Christensen, the Real Party in Interest remain sheltered under the full protection of the bankruptcy court until such time as ALS submits to the Court the requested properly recorded conveyance, and the genuine and original promissory note from 2006, and until Discovery and Evidentiary Hearing are completed.

6. That a preliminary and permanent injunction against ALS, its successors, assignees, officers, agents, employees, attorneys and any person in actual concert with it or who are under its direction, to be immediately and temporarily enjoined for the time period allowed under Rule 65, Ariz. R. Civ. P., from

   a) Initiating eviction of Real Party in Interest from her Property

   b) Transferring or otherwise disposing of the Property

7. That the Court grant relief to the Real Party in Interest for all violations by ALS its successors and assignees as provided by law; all costs, applicable interest, and other relief as this court deems just and necessary.

DATED: December 7, 2009

Katherine Christensen
Real Party in Interest

Case 2:09-bk-21818-RJB Doc 47 Filed 12/07/09 Entered 12/10/09 07:03:13 Desc
MOTION FOR ALS TO SHOW CAUSE-MHL
Main Document    Page 4 of 4

12/08/2009