5

1  Katherine Christensen
2  Real Party in Interest Under Injury
3  c/o 1134 West Grand Caymen Drive
4  Gilbert, Arizona 85233
5  (480) 813-3885
6  PRO SE

FILED

2009 DEC 16 PM 2:58

CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| **Katherine Christensen**<br>**Real Party in Interest**<br><br>**Plaintiff,**<br><br>V.<br><br>**AURORA LOAN SERVICES LLC**<br>**Its successors and/or assigns**<br><br>**Defendants** | **Case No. 09-21818-RTB**<br><br>**Chapter 7**<br><br>**MOTION TO SANCTION DEFENDANT(S) AND DEFENDANT(S)'S ATTORNEY(S) AND FIRM(S) PURSUANT TO F.R.C.P RULE 11c**<br><br>**Assigned to Hon. Redfield T. Baum** |

Comes now, Katherine Christensen Plaintiff, moves this court to sanction Defendant(s) and Defendant(s)'s attorney(s) who have purposely, willingly, and with full knowledge of the consequences have failed to follow the Federal Rules of Civil Procedure requiring them to notice the court BEFORE filing ANY motions, pleadings, documents, etc., and/or appearing in this court.

Plaintiff invokes all their rights and court rules of procedure and accordingly this court is hereby requested to protect all of Plaintiff's rights and follow all of the court's rules of procedure.

Furthermore, Plaintiff invokes Erie doctrine in this case.

Case 2:09-bk-21818-RTB   Doc 57   Filed 12/16/09   Entered 12/17/09 13:18:45   Desc
MOTION FOR SANCTIONS ALS                Main Document        Page 1 of 5        PAGE 1 of 5

12/17/2009

Furthermore, Plaintiff declares Plaintiff has the right to rely on, and the court has the duty to follow the Federal Rules of Civil Procedure including but not limited to; those Rules governing the court, appearance, and attorneys.

I.    Pursuant to the Federal Rules of Civil Procedure Rule 11(c)2,
       a separate motion must be entered for sanctions.

1. This motion meets the requirement of F.R.C.P. Rule 11(c)2.
FEDERAL RULES OF CIVIL PROCEDURE RULE 11
 (c) Sanctions.
(1) In General.
If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
(2) Motion for Sanctions.
A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
(3) On the Court's Initiative.
On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
(4) Nature of a Sanction.
A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

II.    Description of violation(s) pursuant to Rule 11(b)1-4

    Defendant's attorney is well aware of:

i) the requirements under the UNIFORM COMMERCIAL CODE for HOLDER IN DUE COURSE; and

ii) that Defendant's cannot be the HOLDER IN COURSE as Defendant's do not have the genuine ORIGINAL PROMISSORY NOTE; and

iii) Defendant's attorneys are attempting to obfuscate the facts in this matter; and

iv) Defendant's attorneys are attempting to limit their own liability by purposely not being the attorney of record and therefore not being held accountable for their fraudulent and contemptuous actions.

1. Rule 11(b)1 "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation";

   Defendant(s)' attorney(s) are attempting to obfuscate facts in an effort to prevent this court from enforcing the U.C.C. requirement that Defendant(s) present to this court and Plaintiff the genuine Original Promissory Note.

2. Rule 11(b)2 "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law";

   Defendant(s)'s attorney(s) are attempting to change and/or invalidate the U.C.C. requirement that ONLY the HOLDER IN DUE COURSE may foreclose on any real property and that in order to be the HOLDER IN DUE COURSE one MUST be in possession of the genuine Original Promissory Note.

3. Rule 11(b)3 "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and"

   Defendant(s) have no factual contentions as evidenced by their continued obfuscation of the facts and willingness to spend extremely large amounts of money to avoid the incredibly simple task of showing this court the genuine Original Promissory Note.

4. Rule 11(b)4 "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

   Defendant(s) attorneys(s) do NOT believe their clients have the genuine Original Promissory Note OR Defendant(s)'s attorney(s) are acting highly unethically by continuing this matter instead of presenting this court the genuine Original Promissory Note. Such behavior by said attorney(s) may ONLY be considered an obvious act of barratry against this court, the Plaintiffs, and/or their own clients.

# SANCTIONS

1. All Defendant(s) in this action should be enjoined from EVER pursuing ANY foreclosure in any STATE without first presenting to the court and the opposing party the genuine and Original Promissory Note; and

2. All Defendant(s) in this action should be enjoined from EVER threatening ANY "homeowner" with foreclosure if Defendant(s) does not have in their possession at the time the genuine Original Promissory Note; and

3. All Defendant(s) attorney(s) AND firm(s) in this action should be enjoined from EVER bringing ANY action against ANY party without first filing a notice of appearance and accepting full liability for their actions; and

4. All Defendant(s) and Defendant(s) attorney(s) AND firm(s) in this action should be enjoined from EVER bringing ANY action against Plaintiffs relative to the real property in question in this matter; and

5. All Defendant(s) and Defendant(s) attorney(s) AND firm(s) in this action should be ordered by this court to sign over ALL rights and/or ownership interest to the real property in question in this matter to Plaintiffs, granting Plaintiff FULL ownership and all rights to the real property, including without limits, deed and title; and

6. All Defendant(s) and Defendant(s) attorney(s) AND firm(s) in this action should be ordered by this court to pay all fees and cost incurred by Plaintiffs for Defendant(s) and Defendant(s) attorney(s) AND firm(s) fraudulent action and barratry; and

7. All Defendant(s) and Defendant(s) attorney(s) AND firm(s) in this action should be ordered by this court to pay punitive damages for the pain and anguish Defendant(s) and Defendant(s) attorney(s) AND firm(s) have caused Plaintiffs; and

8. All Defendant(s) and Defendant(s) attorney(s) and firm(s) in this action should be ordered by this court to pay Plaintiff, *paragraphs 6 and 7 inclusive,* the sum total of $100,000, forthwith, *not to exceed thirty days from this date.*

COPYRIGHT NOTICE: The above-mentioned entity is quoting citations 'as purported in' context to copyrighted case law, statutes, rules of court and court decision material as found in books published with Federal or state funding supplied by the Citizens of the united States of America and intended for use by attorneys, and does so under the provisions of the Fair use clause of the copyright laws of the United States.

DATED this 16th day of December, 2009.

Katherine Christensen
Real Party in Interest