13

Katherine Christensen
Real Party in Interest Under Injury
c/o 1134 West Grand Caymen Drive
Gilbert, Arizona 85233
(480) 813-3885
Pro Se/Pro Per

FILED
2009 DEC 21 PM 2:50
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

# PHOENIX DIVISION

| | |
|---|---|
| In re: | CASE NO. 09-21818-RTB |
| Katherine Christensen | CHAPTER 7 |
| Plaintiff, Real Party in Interest | |
| V. | MOTION FOR RECONSIDERATION |
| AURORA LOAN SERVICES LLC its successors and/or assigns Defendant(s) | |
| | Assigned to Hon. Redfield T. Baum |

Katherine Christensen, Plaintiff, respectfully asks the Court to reconsider its decision granting the Defendants' Motion for Lift of Stay for the reasons stated herein.

## STATEMENT OF FACTS

1. Defendant(s) wrongfully and improperly initiated foreclosure action on Plaintiff.

2. Foreclosure action was wrongful and improper because Defendant(s)' had no standing.

3. Defendant(s) allegedly 'sold' and then 'purchased' the property from and to themselves, clearly an inside transaction that rises to a Badge of Fraud as defined in the Uniform Fraudulent Transfer Act.

4. Defendant(s) recorded a Trustee's Deed Upon Sale as purported proof they had standing.

Case 2:09-bk-21818-RTB Doc 58 Filed 12/21/09 Entered 12/22/09 15:00:00 Page 1 of 8
MOTION FOR RECONSIDERATION
Main Document    Page 1 of 13

12/21/2009

5. The Trustee's Deed Upon Sale is void ab initio because it was obtained by fraud.

6. As a result of the improper inside transaction, the Defendant(s) have committed a fraud on the court by implying their fraudulently Trustee's Deed Upon Sale was all the proof necessary without proof of standing to make the transaction.

7. The Court erred because it did not consider Plaintiff's motions challenging the standing of the defendants.

8. The Court erred in making its ruling when it relied upon incomplete information without making its judgment on the pleadings in the record.

9. The Court erred when it granted the Defendant(s)' motion to lift stay.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

In the past decade, electronic information and data transmission have increased the speed at which we do business. These seemingly efficient tools have made it easier for banks to transfer funds and buy and sell notes without leaving a paper trail. However, now that the real estate bubble has burst, courts are demanding to see the paper trail for promissory notes before allowing lenders to foreclose on real property. As required by the Constitution, courts must confirm that a lender actually has standing before the court will lift the automatic stay. Below is a brief description of the concepts related to standing and real parties in interest, followed by a summary of several different cases addressing these issues.

### FRAUDULENT TRANSFER

In Sackin V. Kersting 105 Ariz. 464 (1970) 466 P.2d 758 No. 9807-PR. Sackin correctly states that a fraudulent conveyance must be pleaded and proved, Ferguson v. Roberts, 64 Ariz. 357, 170 P.2d 855, and that the creditor has the burden of proof by clear and satisfactory

evidence that the conveyance was fraudulent, Ollason v. Glasscock, 26 Ariz. 193, 224 P. 284.

But under the undisputed facts of this case and the Uniform Fraudulent Conveyance Act, A.R.S. § 44-1001 et seq. it is conclusively established that the conveyances were fraudulent as to Kersting.

> A.R.S. § 44-1031 C states
> Assignments for the benefit of creditors under the common law are
> declared contrary to the public policy of the state and are abolished,
> and all assignments for the benefit of creditors are void and of no force
> and effect unless made in accordance with the provisions of this article.
>
> **Fraudulent** intent may be shown through circumstantial evidence of actual intent
> to defraud, or "badges of fraud." Badges of fraud include:
>
> (1) actual or threatened litigation against the debtor;
> (2) a purported **transfer** of all or substantially all of the debtor's property;
> (3) insolvency or other unmanageable indebtedness on the part of the debtor;
> (4) a special relationship between the debtor and the transferee; and, after the
> **transfer**, (5) retention by the debtor of the property involved in the putative
> **transfer**.
> The presence of a single badge of fraud may spur mere suspicion; the confluence
> of several can constitute conclusive evidence of actual intent to defraud, absent
> "significantly clear" evidence of a legitimate supervening purpose.
> *Acequia Inc. v. Clinton (In re Acequia Inc.),* 34 F.3d 800, 806 (9th Cir.1994)
> (emphasis and citations omitted);
>
> Such conveyances by A.R.S. § 44-1004 are deemed fraudulent without regard to
> actual intent if incurred without a fair consideration.

As defendants made this insider transaction to another closely held company without proof of consideration, under Arizona law, the purported Deed of Trust is, by law, fraudulent.

## DISCUSSION-REAL PARTY IN INTEREST

In the cases below, the courts discuss whether the party seeking relief from the automatic stay have standing to bring the motion and/or are the real party in interest. Many courts use the terms of standing and real party in interest interchangeably because the two concepts are closely related, but they do have distinct requirements. Standing has both constitutional and prudential

(i.e. self-imposed) requirements. As pointed out by the *Hwang* court, infra, the real party in interest question is really the prudential component of the overall standing analysis, while injury-in-fact is a constitutional requirement, and both requirements must be met before a court can grant relief from the automatic stay. In addition, a party also has standing to seek relief if it has the authority to act on behalf of an entity that has standing. Therefore, a nominee or agent will have to prove both 1) it is an agent with the authority to act on behalf of the principal and 2) the principal has both constitutional standing and prudential standing. However, even if a party has standing, the agent must prosecute the action in the name of the real party in interest and not in its own name.

The standing requirement is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 502 US 555, 560 (1992). This constitutional doctrine requires that a claimant must present an actual or imminent injury that is fairly traceable to the defendant's conduct and redressable by a favorable ruling. *Davis v. Fed. Election Comm'n*, 128 S.Ct. 2759 (2008). The standing question is a threshold issue, required before a court may entertain a suit. *Warth v. Seldin*, 422 U.S. 490, 495 (1975). Thus, if a lender cannot prove standing, the court has no authority to hear its motion for relief from stay and it must dismiss the motion.

Prudential requirements also require that a party bringing a motion be the real party in interest. Rule 17 of the Federal Rules of Civil Procedure ("FRCP") requires "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17. The purpose is to ensure the party bringing forth the action is the party who "possesses the substantive right being asserted under the applicable law." Wright, Miller & Kane, *Federal Practice and Procedure* vol. 6A, § 1541 (available at 6A FPP § 1541) (Westlaw current through 2009 update). This reflects

the fact that the federal judiciary also adheres to certain prudential principles concerning standing. *Bennett v. Spear*, 520 U.S. 154, 162 (1997). The real party in interest inquiry is one of the prudential considerations the judiciary self-imposes to limit the role of courts in democratic society. *See, e.g., In re Village Rathskeller*, 147 B.R. 665, 668 (Bankr. S.D.N.Y. 1992). Because Rule 17 applies in adversarial bankruptcy proceedings, parties must adhere to Rule 17 in order to seek relief from automatic stay. *In re Hwang*, 396 B.R. 757, 766 (Bankr. C.D. Cal. 2008).

The cases in this discussion illustrate potential standing and real party in interest issues arising in bankruptcy proceedings. While the Mortgage Electronic Registration Systems ("MERS") promised to streamline mortgage transactions and cut costs, this service often results in a series of unrecorded transfers or transfers to parties outside the servicer's system that can complicate knowing how a note traveled through the system and whether a party really has standing to seek foreclosure. The cases below demonstrate how some creditors and servicers failed to show they had standing or were, or were acting on behalf of, the real party in interest.

*In re Hwang*

The Bankruptcy Court for the Central District of California reconsidered its denial of IndyMac Federal Bank's ("IndyMac Bank") motion for relief from automatic stay. *Hwang*, 396 B.R. at 760. In this case, IndyMac transferred ownership of the note to an unknown party, but never transferred possession of the note. *Id.* The court found that despite IndyMac Bank being entitled to enforce the note against the debtors, it was not the real party in interest because it was not ultimately entitled to the payments made on the note, so the court affirmed its denial of IndyMac Bank's motion for relief from automatic stay. *Id.* at 766-67.

The original payee and beneficiary of the deed was Mortgageit, Inc. ("Mortgageit"). *Id.* However, Mortgageit later transferred it to IndyMac Bank. *Id.* at 761. Mortgageit was a MERS member, but MERS lost its rights when the deed passed to IndyMac Bank. *Id.* IndyMac Bank

later sold the note to "unidentified 'investors' through Freddie Mac" while retaining physical possession of the note. *Id.* IndyMac Bank argued it was the authorized servicing agent for the new owner. *Id.* at 761-62. However, the court rejected this argument since IndyMac Bank admitted it did not know who the owner was and submitted no evidence of any such agreement. *Id.* However, the court found that IndyMac Bank was entitled to enforce the promissory note since it is a negotiable instrument, and under California law, the holder of a negotiable instrument has the right to enforce it. *Id.* at 762-63. For any instrument payable to a particular person, the holder is required to both 1) be in possession of the instrument and 2) the instrument must be payable to that person. *Id.* Here, IndyMac Bank can enforce the note because it has possession of the note which is payable to IndyMac Bank. *Id.* Since IndyMac Bank never delivered the note to the new owner, the right to enforce the note never passed and IndyMac Bank remains the holder of the note, retaining the right to enforce it. *Id.* at 763-65.

However, to prosecute the action in its own name, IndyMac Bank must also be the real party in interest. *Id.* at 766. The court found that a party may have constitutional standing, but still not be the real party in interest (i.e. have prudential standing) if the substantive right belongs to someone else. *Id.* at 767-68. Here, even though IndyMac Bank was entitled to demand and receive payment from debtors, the payments actually belonged to the new owner, not IndyMac Bank. *Id.* at 764-65. Even if IndyMac Bank proved it was the servicing agent for the owner of the note, it must bring the action in the real party in interest's name rather than its own name, or join that party to the action to satisfy FRCP 19. *Id.* at 770-71. The purpose of FRCP 19 is to join "all persons whose joinder would be desirable for a just adjudication of the matter." *Id.* In this case, joinder is required because "as a practical matter [failure to join will] impair . . . the person's ability to protect the interest." *Id.* at 771. Here, adjudicating the motion without joining

Case 8:09-bk-21818-RK Doc 58 Filed 12/21/09 Entered 12/22/09 15:00 PAGE 6 of 36
MOTION FOR RECONSIDERATION ADS
Main Document    Page 6 of 13

12/21/2009

the owner jeopardizes the owner's ability to protect its interest. *Id.* Since the court gave IndyMac Bank more than two months to join the new owner, but IndyMac failed to do so, the court denied the motion for relief from automatic stay. *Id.* at 772.

*In re Jacobson*

In this case, the Bankruptcy Court for the Western District of Washington denied the motion for relief from automatic stay because the moving party, UBS AG, could not show it had standing, nor that it had authority to act for anyone that did have standing. *In re Jacobson*, 402 B.R. 359, 369 (Bankr. W.D. Wash. 2009). UBS AG purported to represent ACT as servicer of the note. *Id.* The court cited *Hwang*, noting that even if the moving party is the noteholder's agent, it does not make the agent a real party in interest. *Id.* at 366. To have standing to prosecute the motion in the name of the real party in interest, the court required UBS AG to show it had authority to act on the noteholder's behalf. *Id.* at 367. Since UBS AG made no such showing, and it was not the real party in interest, the court denied the motion. *Id.* at 770.

Execution of the original note was on behalf of Castle Point Mortgage ("Castle Point") and listed MERS as a beneficiary "solely as nominee for lender and lender's successors and assigns." *Id.* at 362. Castle Point later sold the note to ACT Properties, LLC ("ACT") in an unrecorded transaction. *Id.* However, UBS AG admitted that Wells Fargo held the note. *Id.* at 363. The court questioned, as the court in *Hwang* did, whether ACT itself would even qualify as the holder given that someone endorsed it in blank and another had possession of the note. *Id.* at 369.

As both an admonition and suggestion to MERS, the court instructed that it is possible to prove the identity of the various holders and servicers by putting forth evidence and stated that some courts require such evidence to be admissible before considering it. *Id.* at 367. The evidence put forth by UBS AG did not meet any standards of admissibility, and the court further

Case 3:09-bk-21818-RTB Doc 58 Filed 12/21/09 Entered 12/22/09 15:00:10 Desc
MOTION FOR RECONSIDERATION ADS
Main Document    Page 7 of 13    PAGE 7 of 13

12/21/2009

commented on its ineffectiveness. *Id.* UBS AG submitted a conclusory declaration by a "bankruptcy specialist" stating he was a custodian of the records, knew them to be a true copy of the originals made at the time of the events in the ordinary course of business. *Id.* at 368. Although no business records were submitted, the court opined that the "bare assertion that one works for the company and is familiar with its recordkeeping procedures is not sufficient . . . to establish the person is sufficiently knowledgeable about the subject of the testimony." *Id.* The testimony needs to express information warranting the conclusion that the records presented are what they purport to be. *Id.*

Unlike *Hwang*, the movant here asserted that it was the servicer of the note and acting on behalf of the holder. In addition, neither UBS AG nor ACT had actual possession of the note and thus neither appeared to have any right to enforce it. *Id.* at 370. While establishing that UBS AG is the agent rather than the noteholder seems like it might be an easier standard to meet, it must still show it is the agent of ACT. *Id.* Even if it could, it must also show ACT is the real party in interest and join ACT as a party or litigate in its name instead of its own name. *Id.* Because UBS AG was not the real party in interest nor could it show it was acting on behalf of the real party in interest, the court denied the motion for relief from stay. *Id.*

*In re Sheridan*

In this case, the Bankruptcy Court for the District of Idaho considered a stay relief motion brought by MERS as nominee for HSBC Bank USA ("HSBC"). *In re Sheridan*, 2009 WL 631355 (Bankr. D. Idaho 2009). MERS not only asserted it was nominee, but also characterized itself as a "secured creditor and Claimant." *Id.* MERS was designated a beneficiary on the Deed of Trust and as nominee for the noteholder at the time of execution. *Id.* at 6 The court still found this insufficient, as there was no showing made as to who the current noteholder was. The court also held MERS was not an actual beneficiary, despite the Deed naming it one, since no actual

Case 3:09-bk-21818-RTB    Doc 58    Filed 12/21/09    Entered 12/22/09 15:00:10    Desc
MOTION FOR RECONSIDERATION ADS             Main Document           Page 8 of 13                       PAGE 8 of 13

12/21/2009

economic benefit accrued to it. *Id.* at 4.

The Promissory Note and Deed of Trust identified the lender as Fieldstone Mortgage Company ("Fieldstone"), and the Deed also identified MERS as nominee and beneficiary for the noteholder and all its successors and assigns. *Id.* at 4. The Promissory Note also stated, "anyone who takes this Note by transfer and who is entitled to receive payments . . . is called the Note Holder." *Id.* at 1. MERS argued that it had authority to act for the current noteholder, whoever that was, since it was named as a beneficiary and nominee for all successors and assigns. *Id.* at 4. Even if the court agreed, there is still the issue of the Note not indicating any transfer to other parties. *Id.* at 5. Therefore, Fieldstone appeared to be the current noteholder, and MERS did not purport to represent Fieldstone at any time. *Id.* at 4. The court denied the motion for relief from stay for two reasons: 1) it found the "titular designation" of MERS as "beneficiary" on the Deed insufficient to establish it as such and 2) there was no evidence or explanation presented showing whether HSBC had any current interest in the note. *Id.*

Merely naming a party as a beneficiary of an instrument is not sufficient to make it one. *Id.* The court looked to Idaho Code § 45-1502(1) which defines a beneficiary for purposes of the trust deed statute as "the person for whose benefit a trust deed is given." *Id.* Therefore, MERS was not a beneficiary under Idaho Code because the trust deed benefits the noteholder, which appeared to be Fieldstone in this case. *Id.* In addition, the language used in the Deed of Trust was confusing as it also stated that MERS will act "solely as nominee for Lender and Lender's successors and assigns." *Id.* Because MERS was not a beneficiary under Idaho Code and the language of the Deed was ambiguous, the court held that MERS was not a real party in interest and could not bring the motion in its own name. *Id.*

Even if MERS was properly acting as the agent of the real party in interest there was no showing that HSBC, or even Fieldstone, had any current interest in the note. *Id.* If there had been, the action must still be brought in the real party in interest's own name, not its agent's. *Id.* Later MERS submitted a "supplemental affidavit" stating that it had obtained an original copy of

Case 09-01252-TLM Doc 58 Filed 12/21/09 Entered 12/22/09 15:00 Page 9 of 36
MOTION FOR RECONSIDERATION ADS PAGE 9
Main Document    Page 9 of 13

12/21/2009

the Note, which now indicated an endorsement. *Id.* at 5. The court found the affidavit improper for several reasons, but, even had the court been able to consider it, the affidavit would not have assisted MERS since there was neither a date nor any indication of who the transferor or the transferee was. *Id.* at 6. Even if Fieldstone had endorsed the note in blank it would not have established HSBC or Fieldstone as the noteholder since Idaho Code provides it "may be negotiated by transfer of possession alone until specially indorsed." *Id.* The court held, "the only entity that MERS could conceivably represent as agent/nominee would be [Fieldstone]. But MERS does not represent [Fieldstone] . . . and, in fact, . . . conten[ds] that [Fieldstone] is no longer a party in interest." *Id.* at 6. Because MERS was unable to establish that it was a real party in interest with standing, or even that it represented such, the court denied the motion for relief from stay. *Id.*

*In re Mitchell*

*Mitchell* is the lead case for a number of motions to lift stay filed in MERS' own name or filed in the name of MERS as nominee for another. *In re Mitchell*, 2009 WL 1044368 (Bankr. D. Nev. 2009). The Bankruptcy Court for the District of Nevada handled the motions in a joint hearing because each of the cases had substantially similar issues regarding MERS' standing. *Id.* at 1. MERS withdrew the motions to lift stay in all but four of the cases, and the court issued orders in two of the cases in this opinion. *Id.* Like *Sheridan*, this court denied the motions in both cases because MERS was not the noteholder nor did it show the authority to act on behalf of one who was the noteholder. *Id.* at 4.

In this case, similar to *Sheridan*, MERS argued it had standing because the deeds of trust either named it as a beneficiary or as the nominee of the beneficiary. *Id.* The court noted that merely naming MERS a beneficiary does not give it any rights to enforce the note. *Id.* at 3. The court found that since MERS had no rights to any payments, servicing rights, or any rights to

secured properties it was not a beneficiary. *Id.* The court also found similar ambiguities in the language of the deeds of trust and in MERS' brief regarding whether MERS argued it had standing in its own right, or as the nominee, or both. *Id.* Even if MERS was a beneficiary of the note, that alone would be insufficient to confer standing. *Id.* For MERS to foreclose, it must show that it had possession of the note and the deed of trust or it had authority to act as agent for the entity that did. *Id.* at 4. Because MERS was not the beneficiary or the holder of the deed of trust, nor was there evidence that the principal it purported to act on behalf of were either of these, the court denied the motions for relief from stay. *Id.* at 6.

*In re Wilhelm*

In a recent decision, the Bankruptcy Court for the District of Idaho further expounded on the requirements for lenders to show standing when seeking relief from the automatic stay. (Westlaw citation not currently available). In his decision issued July 7, 2009, Judge Myers held that the movants in five different actions for relief from stay lacked standing to bring such motions because the movants were not named on the notes at issue, the notes were not indorsed in blank or to any specific person or entity (such as the movants), the movants failed to prove that they held the notes, and the movants were not proper assignees of the notes where they argued that MERS assigned the notes to them because the notes named MERS as beneficiary acting solely as nominee with no right to assign the notes. The court found that "there are two threshold questions in each of these motions: (1) Have Movants established an interest in the notes? (2) Are Movants entitled to enforce the notes?" *Id.* at 17. The court held that the Movants failed to provide any admissible proof to answer either question in their favor, and in fact, the notes attached to several declarations contradicted the information contained in the declarations. In reaching its decision, the court did add one important admonition to counsel, "[i]n general,

Case 2:09-bk-26818-PETB Doc 58 Filed 12/21/09 Entered 12/22/09 15:00 Page 11 of 13
MOTION FOR RECONSIDERATION - 58
Main Document    Page 11 of 13

12/21/2009

counsel should gather the appropriate documents and factual data *before* filing the motions (as required by Rule 9011 in any event), rather than attempting to cure patently defective motions with serial supplemental filings." *Id.* at 22.

## FRAUD VACATES JUDGEMENT

In Chambers v. Nasco, Inc., 501 US 32 – US: Supreme Court 1991

> Of particular relevance here, the inherent power also allows a federal court to vacate its own judgment upon proof that a fraud has been perpetrated upon the court. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U. S. 238 (1944); *Universal Oil Products Co. v. Root Refining Co.,* 328 U. S. 575, 580 (1946). This "historic power of equity to set aside fraudulently begotten judgments," *Hazel-Atlas,* 322 U. S., at 245, is necessary to the integrity of the courts, for "tampering with the administration of justice in [this] manner. . . involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." *Id.,* at 246. Moreover, a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud. *Universal Oil, supra,* at 580

## CONCLUSION

The issues and cases discussed above highlight the failure of several lenders to keep adequate records of transfers of underlying notes. Without the paper trail, lenders cannot show that they have standing or are the real parties in interest entitled to bring a motion for relief from the automatic stay. In addition, attorneys should take note of how courts will regard conclusory affidavits in support of these motions as well as the potential for Rule 11 landmines when taking a client's averments regarding the ownership of a note or deed at face value without making a reasonable and independent inquiry before submitting such statements to a court.

The court should grant Plaintiff's motion for reconsideration because of new evidence not available when the Trustee's Deed of Trust was recorded into public record. Additionally, as

Case 3:09-bk-21818-RTB    Doc 58    Filed 12/21/09    Entered 12/22/09 15:00:10    Desc
MOTION FOR RECONSIDERATION PASS
Main Document    Page 12 of 13

12/21/2009

there was no proof provided by defendants that any consideration was made in the purported Trustee's Deed of Sale transaction, it is by Arizona law, fraudulent.

The court should grant Plaintiff's motion for reconsideration to prevent manifest injustice.

**Wherefore Plaintiff, the Real Party in Interest, asks the court to grant the motion for reconsideration and render its judgment that:**

1. Reverses the order granting the Defendant's motion to lift stay.

2. Reinstates the full protection of the stay provided by the bankruptcy court to the Plaintiff.

DATED: December 21, 2009

*Katherine Christensen*
Katherine Christensen
Real Party in Interest

Case 2:09-bk-21818-RJB    Doc 58    Filed 12/21/09    Entered 12/22/09 15:00:10    Desc
MOTION FOR RECONSIDERATION ALS        Main Document    Page 13 of 13        PAGE 13 of 13

12/21/2009