```
3
```

Katherine Christensen
Real Party in Interest Under Injury
c/o 1134 West Grand Caymen Drive
Gilbert, Arizona 85233
(480) 813-3885
PRO SE



FILED
2009 DEC 21 PM 2: 19
U.S. BANKRUPTCY CLERK
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

# PHOENIX DIVISION

| | |
|---|---|
| In re: ) | CASE NO. 09-21818-RTB |
| ) | |
| Katherine Christensen ) | CHAPTER 7 |
| Plaintiff, Real Party in Interest ) | |
| V. ) | MOTION FOR CITATION FOR |
| ) | CONTEMPT OF COURT |
| AURORA LOAN SERVICES LLC ) | |
| its successors and/or assigns ) | |
| Defendant(s) ) | |
| ) | Assigned to Hon. Redfield T. Baum |

Katherine Christensen ("Real Party in Interest" herein), respectfully submits this MOTION FOR CITATION FOR CONTEMPT OF COURT for the reasons set forth herein.

At the close of the Motion for Lift of Stay hearing on December 16, 2009 Judge Baum clearly stated to counsel for AURORA LOAN SERVICES LLC, that he did not want any foreclosures or evictions over the holiday season. Judge Baum reviewed the dates on the calendar and stated that as New Year's Day is on Friday January 1st, he did not want to see any paperwork cross his desk for eviction with any date on it before January 4th, 2010. Counsel for Defendant(s) agreed.

Aurora Loan Services LLC through Counsel has already filed with the court

Case 2:09-bk-21818-RTB    Doc 59    Filed 12/21/09    Entered 12/22/09 15:03:04    Desc
MOTION FOR CITATION OF CONTEMPT OF COURT-MHL    Main Document    Page 1 of 3    PAGE 1 of 3

12/21/2009

and sent by mail a Notice of Lodgement/Proof of Service of Order Terminating Automatic Stay dated December 17, 2009 as well as an Order Terminating Automatic Stay effective dated January 1st, 2010.

Plaintiff requests the court take judicial notice of the following case law:

**In Chambers v. Nasco, Inc., 501 US 32 – US: Supreme Court 1991**
> In addition, it is firmly established that "[t]he power to punish for contempts is inherent in all courts." *Robinson, supra,* at 510. This power reaches both conduct before the court and that beyond the court's confines, for "[t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Young* v. *United States ex rel. Vuitton et Fils S. A.,* 481 U. S. 787, 798 (1987) (citations omitted).

**Young v. United States ex rel. Vuitton et Fils SA, 481 US 787 - US: Supreme Court 1987**
> ...that the initiation of contempt proceedings to punish disobedience to court orders is a part of the judicial function. As this Court declared in *Michaelson v. United States ex rel. Chicago, St. P., M., & O. R. Co.,* 266 U. S. 42 (1924):
>
> "That the power to punish for contempts is inherent in all courts, has been many times decided and may be regarded as settled law. It is essential to the administration of justice. The courts of the United States, when called into existence and vested with jurisdiction over any subject, at once became possessed of the power."
> *Id.,* at 65-66.[8]
>
> The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other Branches. "If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls `the judicial power of the United States' would be a mere mockery." *Gompers v. Bucks Stove & Range Co.,* 221 U. S. 418, 450 (1911). As a result, "there could be no more important duty than to render such a decree as would serve to vindicate the jurisdiction and authority of courts to enforce orders and to punish acts of disobedience." *Ibid.* Courts cannot be at the mercy of another Branch in deciding whether such proceedings should be initiated. The ability to appoint a private attorney to prosecute a contempt action satisfies the need for an independent means of self-protection, without which courts would be "mere boards of arbitration whose judgments and decrees would be only advisory." *Ibid.*[9]

It is evident that Defendant(s) and Counsel have willfully disobeyed the court's instructions.

Therefore, with respect to this honorable court, Real Party in Interest hereby respectfully moves this court to fulfill judge's instruction and sanction Counsel for AURORA LOAN SERVICES LLC with Contempt of Court as said counsel's actions are a disgrace to the public office and the high standards of the profession.

DATED: December 21, 2009

*Katherine Christensen*
Katherine Christensen
Real Party in Interest