Matthew A. Silverman (018919)
Jessica R. Kenney (026615)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorneys for Movant,
Aurora Loan Services, LLC, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Katherine Christensen,<br><br>Debtor.<br>_____<br>Aurora Loan Services, LLC, its assignees and/or successors,<br><br>Movant,<br><br>v.<br><br>Katherine Christensen, Debtor; and David A. Birdsell, Chapter 7 Trustee,<br><br>Respondents.<br>_____ | Case No. 2:09-bk-21818-RTB<br><br>Chapter 7<br><br>**RESPONSE TO MOTION TO QUASH ALL DEFENDANT'S MOTIONS, PLEADINGS, ETC., AND GRANT PLAINTIFF SUMMARY JUDGMENT FOR DEFENDANTS AND DEFENDANT'S ATTORNEYS FAILURE TO APPEAR PURSUANT TO F.R.C.P 1, 5.1, 11, 17A AND OTHERS AND RESPONSE TO MOTION TO SANCTION DEFENDANT(S) AND DEFENDANT(S)'S ATTORNEY(S) AND FIRM(S) PURSUANT TO F.R.CP. RULE 11C** |

Aurora Loan Services, LLC ("Movant"), by and through undersigned counsel, hereby responds to Katherine Christensen's ("Debtor/Respondent"), Motion to Quash all Defendant's Motions, Pleadings, Etc., and Grant Plaintiff Summary Judgment for Defendants and Defendant's attorneys failure to appear pursuant to F.R.C.P. 1, 5.1, 11, 17A and others and Response to Motion to Sanction Defendants and Defendant(s)'s Attorney(s) and Firm(s)

File No. AZ09-47019         1         Case No. 2:09-bk-21818-RTB
Response to Motion to quash and Motion for sanctions

Pursuant to F.R.C.P. Rule 11C. In support of this Response Movant submits the following Memorandum of Points and Authorities.

DATED: December 29, 2009

**McCarthy ♦ Holthus ♦ Levine**

By: /s/ Matthew A Silverman
    Matthew A Silverman, Esq.
    3636 North Central Avenue
    Suite 1050
    Phoenix, AZ 85012
    Attorneys for Movant

## MEMORANDUM OF POINTS AND AUTHORITIES

**II.    FACTUAL BACKGROUND**

1. After complying with all requirements per Arizona Statute on or about May 7, 2009 the property generally described as 1134 West Grand Caymen Drive, Gilbert, AZ 85233 ("Property" herein) was sold at a Public Auction.

2. On or about June 16, 2009, Movant was granted Judgment in the Superior Court Summary action for Forcible Entry and Detainer cause number CV2009-016715. The writ of restitution was to issue on or after June 22, 2009.

3. On or about July 24, 2009, Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. Case number 2:09-bk-17322-EWH. On or about August 26, 2009, this bankruptcy was dismissed.

4. On or about September 4, 2009, Debtor filed the current bankruptcy case number 2:09-bk-21818-RTB.

5. On or about October 19, 2009, Movant filed their Motion for Relief from Stay Unlawful Detainer. The attorneys of record listed for Movant in this Motion were Matthew A. Silverman and Jessica R. Kenney of the firm of McCarthy Holthus Levine.

File No. AZ09-47019        2        Case No. 2:09-bk-21818-RTB
Response to Motion to quash and Motion for sanctions
Case 2:09-bk-21818-RTB   Doc 63   Filed 12/29/09   Entered 12/29/09 12:02:23   Desc
Main Document    Page 2 of 6

1.   6. This Court held a Preliminary Hearing on Movant's Motion for Relief on or about December 16, 2009. At the hearing this Court heard argument from Counsel for Movant and Debtor. The Court granted Movant's Motion for Relief.

**III.  LAW AND ARGUMENT**

**1.  Response to Motion to Quash all Defendant's Motions, Pleadings, Etc., and Grant Plaintiff Summary Judgment for Defendants and Defendant's attorneys failure to appear pursuant to F.R.C.P. 1, 5.1, 11, 17A and others**

Counsel for Movant appeared as the Counsel of Record for Movant when they filed a Motion for Relief in this Court with Counsel listed in the caption as the attorney for Movant. Movant's Counsel and Firm has at all time relevant to this proceeding been Movant's attorney of record and therefore, may appear on behalf of Movant.

The parties to this Motion for Relief appeared before this Court at the Preliminary Hearing held in this matter. At this hearing the issues related to the Motion for Relief were argued including Debtor's objections to Debtor's Counsel's appearance and this Court made its Ruling. The Debtor's Motion for Summary Judgment is untimely and procedurally incorrect as this matter has already been adjudicated on the merits at the Preliminary Hearing conducted on December 16, 2009 in this Court.

Debtor's Motion for Summary Judgment conflicts with the doctrine of Res Judicata. The doctrine of "res judicata" rests upon the fact that a party to be affected, or some other with whom he is in privity, has litigated or had opportunity to litigate same matter in former action in court of competent jurisdiction. *Richards v. Jefferson County,* Ala., 116 S.Ct. 1761 (U.S. Ala., 1996). Under "res judicata," also known as "claim preclusion," a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action. *In re Piper Aircraft Corp.,* 244 F.3d 1289 C.A.11.Fla.,2001 *See e.g., Fraternal Order of Police, Lodge 2 v. Superior Court, In and For Maricopa County,* 596 P.2d 701 (Ariz. 1979); *Heinig v. Hudman*, 865 P.2d 110 Ariz.App.Div.1,1993 (when court has jurisdiction over subject matter, judgment is not only res judicata as to every issue decided, but it is also res judicata as to any issue raised by the record).

File No. AZ09-47019   3   Case No. 2:09-bk-21818-RTB
Response to Motion to quash and Motion for sanctions
Case 2:09-bk-21818-RTB   Doc 63   Filed 12/29/09   Entered 12/29/09 12:02:23   Desc
Main Document   Page 3 of 6

Motions for relief from stay are summary proceedings, which are confined to issues of lack of adequate protection, debtor's equity in property, and necessity of property to an effective reorganization, or existence of other "cause" for relief from stay. 11 U.S.C.A. § 362(d). *See also, In re Santa Clara County Fair Ass'n, Inc.,* 180 B.R. 564 (BAP.9.Cal., 1995). This Court heard the Motion and entered Judgment. Granting Debtor's Motion for Summary Judgment would be in conflict with the decision rendered by this Court at the Preliminary Hearing. Debtor raised her objections to Movant's Counsel at the time set for the Preliminary Hearing and this Court ruled on this objection and allowed Counsel to proceed. Granting Debtor's Motion to Quash pleadings and Summary Judgment would be in conflict with the rulings this Court has already made. Therefore, Debtor's Motion should be denied in full.

Further, as a matter of law since Debtor has filed multiple bankruptcies in a one (1) year period she technically has not been protected by the automatic stay since October 4, 2009 under 11 U.S.C. § 362(c)(3)(A). Debtor has not filed the required Motion under 11 U.S.C. § 362(c)(3)(B) or made the required showing the her subsequent filing was in good faith to allow the automatic stay to continue passed the 30 day expiration period of the automatic stay for serial filers.

**2. Response to Motion for Sanctions**

Movant and Movant's attorney have at all times acted in good faith. The allegations of fraud and misrepresentation are baseless. Counsel for Movant appeared as the Counsel of Record for Movant when they filed a Motion for Relief in this Court with Counsel listed in the caption as the attorney for Movant. Movant's Counsel and Firm has at all time relevant to this proceeding been Movant's attorney of record and therefore, may appear on behalf of Movant. Movant's attorney has behaved in accordance with their ethical obligations and Debtor's Request for Sanctions should be denied as groundless and unsubstantiated.

/ / /

/ / /

/ / /

/ / /

/ / /

1     WHEREFORE, Movant prays for judgment as follows:

2     A. For an Order denying the Motion to Quash all Defendant's Motions, Pleadings, Etc., and Grant Plaintiff Summary Judgment for Defendants and Defendant's attorneys failure to appear pursuant to F.R.C.P. 1, 5.1, 11, 17A and others;

B. For an Order Denying the Motion for Sanctions;

C. For Movant's attorneys fees and costs; and

D. For such other relief as the Court deems proper.

DATED: December 29, 2009

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Matthew A Silverman  
    Matthew A Silverman, Esq.  
    3636 North Central Avenue  
    Suite 1050  
    Phoenix, AZ 85012  
    Attorneys for Movant

File No. AZ09-47019      5      Case No. 2:09-bk-21818-RTB  
Response to Motion to quash and Motion for sanctions  
Case 2:09-bk-21818-RTB    Doc 63    Filed 12/29/09    Entered 12/29/09 12:02:23    Desc  
Main Document    Page 5 of 6

# CERTIFICATE OF SERVICE

On 12/29/2009erved the foregoing documents described as **RESPONSE TO MOTION FOR CITATION FOR CONTEMPT OF COURT** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

COUNSEL FOR DEBTOR
Katherine Christensen
Pro Se

DEBTOR
Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, AZ 85233

TRUSTEE
David A. Birdsell
216 N. Center
Mesa, AZ 85201

UNITED STATES TRUSTEE
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ 85003-1706

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh