```
 6
```

Katherine Christensen
Real Party in Interest Under Injury
c/o 1134 West Grand Caymen Drive
Gilbert, Arizona 85233
(480) 813-3885
Pro Se

FILED
2009 DEC 31 AM 9:07
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

## PHOENIX DIVISION

| | |
|---|---|
| In re: | CASE NO. 09-21818-RTB |
| Katherine Christensen<br>Plaintiff, Real Party in Interest | CHAPTER 7 |
| V. | OPPOSITION TO DEFENDANTS'<br>RESPONSE TO MOTION TO<br>QUASH ALL DEFENDANT'S |
| AURORA LOAN SERVICES LLC, its<br>assignees and/or successors<br>Defendant(s) | MOTIONS, PLEADINGS, ETC.<br>(Docket 63)<br><br>Assigned to Hon. Redfield T. Baum |

Katherine Christensen, Real Party In Interest, Respondent (hereinafter "Real Party") files her Motion in Opposition to Defendants-Movant (hereinafter "Movant") Response to Motion To Quash All Defendant's Motions, Pleadings, Etc, and Grant Plaintiff Summary Judgment For Defendants and Defendant's Attorneys Failure to Appear Pursuant to F.R.C.P. 1,5.1,11,17A and Other and Response to Motion To Sanction Defendant(s) and Defendant(s)'s Attorney(s) and Firm(s) Pursuant to F.R.C.P. Rule 11c (docket 63). In support of this Opposition Motion, Real Party submits the following Memorandum of Points and Authorities.

Dated: December 30, 2009.

_____
Katherine Christensen, Real Party In Interest, Pro Se

## MEMORANDUM OF POINTS AND AUTHORITIES

I. FACTUAL BACKGROUND

1. On or about January 06, 2009, Movant recorded a Notice of Trustee's Sale in the Official records of Maricopa County, AZ, recording #20090007377 showing Mortgage Electronic Registration Systems, Inc (MERS) as the true Beneficiary of the Deed of Trust and Quality Loan Service Corporation (QLSC) as the true Trustee/Agent, which was sworn to by Mr. Jim Montes, d/b/a Vice-President, (Montes) of Quality Loan Service Corporation and d/b/a Vice-President of Mortgage Electronic Registration Systems Inc.

2. On or about January 28, 2009, Real Party lawfully challenged the questioned and unsupported Deed of Trust and the alleged debt when she served Movants with a properly executed Due Presentment by Notary Public for a Qualified Written Request.

3. Based upon subsequent diligence, it appears that MERS, QLSC and the law firms of McCarthy Holthus Levine and Perry & Shapiro are closely related businesses under the control of and managed by Montes, who are conspiring

together to steal quite possibly hundreds if not thousands of homes.

4. Real Party served Movants properly executed Qualified Written Reports Requesting Debt Validation by Notary Presentments and later Certificates of Non-Response and Non-Performance after Movants defaulted on their known legal duty and obligation to disclose the information demanded by Real Party.

5. Real Party made extraordinary efforts to correct the court record with qualified perfected evidence from the Public Record as MERS, QLSC and Montes are not now, nor have they ever been, part of the original mortgage transaction. They, therefore, have no standing to do anything with Real Party's property as they are legally strangers to this action who have slandered the title.

6. On or about May 07, 2009, Movants caused a Public Auction of the subject property to another closely held corporation operated by Montes for no consideration which rises to a Badge of Fraud in support of the allegation of the transaction being void as a fraudulent conveyance under Arizona law. Movants had no legal standing to commence this action and all their motions and pleadings are void ab initio.

7. Any relief granted Movants was done in error, based on incomplete facts as the Court has not yet considered all the evidence currently in the record supporting Real Party.

Motion In Opposition To Movant's Response
Case 2:09-bk-21818-RTB    Doc 64    Filed 12/31/09    Entered 01/04/10 12:13:49    Desc
Main Document    Page 3 of 6

01/04/2010

## II. OPPOSITION TO RESPONSE SHOULD BE GRANTED AS MOVANTS HAVE NO STANDING TO BRING THIS ACTION

7. As Movants improperly brought this foreclosure action which forced Real Party into bankruptcy, they "bear[] the burden of demonstrating standing and must plead its components with specificity." *Coyne v. American Tobacco Company*, 183 F.3d 488, 494 (6th Cir. 1999). *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 US 464 (1982). "The minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability." *Valley Forge*, 454 US at 472. In addition, "the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Coyne*, 183 F.3d at 494 (quoting *Pestrak v. Ohio Elections Comm'n*, 926 F.2d 573, 576 (6th Cir. 1991)). To satisfy the requirements of Article III of the United States Constitution, the plaintiff must show he has "***personally suffered some actual injury***" as a result of the illegal conduct of the defendant." (emphasis added). *Coyne*, 183 F.3d at 494, *Valley Forge*, 454 US at 472.

2. Movants have not only failed to show and prove any element of proper standing, they have employed every dilatory tactic to evade their known legal duty and legal obligation to do so. The record is replete with Real Party's efforts to compel disclosure pursuant to the rules of the court. Movants self-proclaimed and self-interested huffing and puffing that "Movants and Movant's attorney have at all

Motion In Opposition To Movant's Response
DKT. 65
Case 2:09-bk-21818-RTB    Doc 64    Filed 12/31/09    Entered 01/04/10 12:13:49    Page 4 of 6
Main Document    Page 4 of 6

01/04/2010

times acted in good faith." Response, dkt. 63 ¶ 2, p.4, is just one in a series of misstatements perpetrated upon this court to be untrue.

3. Plaintiff now holds proof that Defendants engaged in mortgage fraud, securities fraud, conspired with others to steal her home and violated numerous state and federal statutes in blatant disregard for the law. Just as they have done to hundreds if not thousands of other homeowners as is now being proven in the courts across this country.

4. "There is no more cruel tyranny that that which is exercised under cover of law, and with the colors of justice." *U.S. v. Jannottie*, 673 F.2d 578, 614 (3rd Cir. 1982).

WHEREFORE, Katherine Christensen, Real Party In Interest prays for judgment as follows:

A. For an Order granting the Motion to Quash all Defendant's Motions, Pleadings, Etc., and Grant Plaintiff Summary Judgment for Defendants and Defendant's attorneys failure to appear pursuant to F.R.C.P. 1,5.1,11,17A and others;

B. For an Order Granting the Motion for Sanctions;

C. For Real Party's legal costs and fees;

D. For an Order compelling Movants to prove every element of standing;

E. Upon failure of Movants to prove standing, for an Order dismissing this wrongful and improper foreclosure action with prejudice;

F. For an Order declaring the Trustee's Sale of the property as a fraudulent conveyance because the Movants had no standing;

Motion In Opposition To Movant's Response
Dkt. 63
Case 2:09-bk-21818-RTB    Doc 64    Filed 12/31/09    Entered 01/04/10 12:13:49    Page 5 of 6
Main Document    Page 5 of 6

01/04/2010

F. For an Order compelling reconveyance of the subject property back to the Real Party, free and clear of all encumbrances and curing the slander on the title;

G. For such other relief as the Court deems just and proper.

Dated: December 30, 2009.

*/s/ Katherine Christensen*

Katherine Christensen, Real Party In Interest,
Pro Se

Motion In Opposition To Movant's Response
Dkt. 63

Case 2:09-bk-21818-RTB    Doc 64    Filed 12/31/09    Entered 01/04/10 12:13:49    Desc
Main Document    Page 6 of 6

PAGE 6 OF 6

01/04/2010